**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2000-KA-00330-SCT**

*EDWARD W. McCOLLUM*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/23/2000 |
| TRIAL JUDGE: | HON. V. R. COTTEN |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDMUND J. PHILLIPS, JR. |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | KEN TURNER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 5/03/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/24/2001 |

**BEFORE BANKS, P.J., SMITH AND WALLER, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. Edward W. McCollum was convicted of DUI maiming under Miss. Code Ann. § 63-11-30 (5) ( Supp.1998), and sentenced to a term of ten years in the custody of the Mississippi Department of Corrections with the first five years to be served in incarceration. Feeling aggrieved, McCollum appeals raising the following issues:

> **I. WHETHER OMITTING FROM THE INDICTMENT THE PHRASE, "THAT McCOLLUM'S NEGLIGENCE CAUSED THE INJURIES SUFFERED BY HARMON," WAS REVERSIBLE ERROR?"**

> **II. WHETHER THE PROSECUTOR, DURING VOIR DIRE, VIOLATED U.R.C.C.C. 3.05 BY MISSTATING ELEMENTS REQUIRED TO BE PROVED UNDER THE DUI MAIMING STATUTE [§ 63-11-30(5)]?**

> **III. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF EVIDENCE?**

¶2. Finding no reversible error, we affirm McCollum's conviction and sentence.

**FACTS**

¶3. Gerry David Harmon (the victim) was driving east at approximately 50 miles per hour on a two-lane section of U.S. Highway 80 near Forest, Mississippi, following another vehicle driven by David Everett.

The weather was described as sunny, conditions were dry, and no obstacles were reported to be in the road.

¶4. A vehicle being driven by McCollum, traveling in the westbound lane, approached the vehicles driven by Harmon and Everett. As McCollum approached Everett, the lead vehicle, he suddenly veered across the center line into Everett's path. Everett was able to swerve onto the right shoulder and avoid being struck by McCollum. However, Harmon was not so fortunate. Although Harmon swerved to avoid McCollum, the left front of McCollum's vehicle struck the left front of Harmon's vehicle, causing Harmon to runoff the road into some nearby trees. Harmon suffered severe injuries to his arm, resulting in four surgeries.

¶5. As McCollum's vehicle veered into his lane, Everett saw that McCollum was "laid up against the window, like he was unconscious." Everett estimated McCollum's speed to be between 65-75 miles per hour. Tony Buckley, a passenger in the Everett vehicle, likewise testified that McCollum was leaned over against his window and appeared to be "passed out" or "asleep."

¶6. Bill Wilburne, a Scott County Constable, was the first officer on the scene. As he approached McCollum, Wilburne observed that McCollum's speech was slurred and that he was obviously intoxicated. Wilburne remained with McCollum until the Mississippi Highway Patrol arrived and verified that McCollum stayed in his vehicle and did not have anything to drink during that time.

¶7. Mississippi Highway Patrol (MHP) Trooper Hampshire Collins responded to the accident. Collins took photographs of the accident scene and determined the point of impact to have occurred in the eastbound (Harmon's) lane. After observing McCollum's demeanor and based on McCollum's own admission of consuming a six-pack of beer earlier in the day, Collins took McCollum to the Scott County Sheriff's Office to administer an intoxilyzer test. Collins, a certified intoxilyzer operator, found that McCollum had a blood alcohol content of .217%. Anthony Cunningham of the M.H.P. had inspected and certified the calibration of the intoxilyzer used to test McCollum two days before the accident.

¶8. M.H.P. Trooper Michael Cain testified as an expert in the field of accident reconstruction. Cain concluded that McCollum's vehicle, traveling westbound, caused gouge marks in the pavement of the center of the eastbound lane at the point of impact. Cain described the collision as a sideswipe type impact, such that the two individuals basically hit headlight to headlight, although not quite. In disputing Cain's account of the accident, McCollum countered that it was Harmon who crossed the center line, causing the wreck to occur in the westbound lane.

¶9. Cain's testimony that the accident occurred in the middle of the westbound lane differs somewhat from testimony offered by Harmon, the victim. Harmon testified that in trying to avoid the collision with McCollum, he swerved onto the shoulder of the highway, striking several mailboxes before hitting McCollum's vehicle. Trooper Cain testified that the striking of the mailboxes occurred post-impact, while Harmon was on his way from impact to final rest. However, on cross-examination Harmon testified that the collision happened so fast, he was not sure whether he struck the mailboxes before or after impact.

## DISCUSSION

### I. WHETHER OMITTING FROM THE INDICTMENT THE PHRASE, "THAT McCOLLUM'S NEGLIGENCE CAUSED THE INJURIES SUFFERED BY HARMON, "WAS REVERSIBLE ERROR?"

¶10. McCollum was indicted under Miss. Code Ann. § 63-11-30(5) (Supp. 1998),[(1)] which is commonly referred to as the "DUI maiming statute," making it a felony to injure another while driving under the influence of alcohol (≥ .10%). McCollum argues that his indictment omitted an essential element of the crime charged, that his negligence caused the injuries suffered by Harmon. McCollum's indictment read as follows:

> That Edward W. McCollum late of the County aforesaid, on or about the 22nd day of May in the year of our Lord, 1999, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously operate a motor vehicle while under the influence of intoxicating liquor, having ten one-hundredths percent (.10%) or more by weight volume of alcohol in his blood, and in a negligent manner mutilated the left arm of Gerry David Harmon, a human being, contrary to and in violation of Section 63-11-30 (5), Miss. Code Ann. (1972), against the peace and dignity of the State of Mississippi.

¶11. McCollum appears to be arguing that the indictment is defective because it failed to charge that his negligent driving caused the accident, as opposed to how it actually reads, that he, in a negligent manner caused the mutilation of Harmon's left arm. To be sufficient, an indictment must contain the essential elements of the crime charged. *Peterson v. State*, 671 So. 2d 647, 652-53 (Miss. 1996). If the facts alleged in the indictment do not constitute an offense within the terms and meaning of the law, the indictment is insufficient. *See id.* at 653 (citing **Love v. State,** 211 Miss. 606, 52 So. 2d 470, 472 (1951)). "It is the constitutional right of the accused, . . ., 'to be informed of the nature and cause of the accusation' against him, and under these provisions, the accused is entitled to a plain statement of the charge against him." **Stinson v. State,** 443 So. 2d 869, 874 (Miss. 1983).

¶12. A review of the indictment fails to convince this Court that McCollum was not placed on sufficient notice of the charges pending against him. To be guilty of a felony under § 63-11-30(5) requires proof of a person operating a motor vehicle with a blood alcohol content of .10% or greater, and "who in a negligent manner causes the death of another *or mutilates . . . .*" **Id.** (emphasis added) We have previously held an "indictment legally sufficient if it gives the accused fair notice of [the] offense with which he is charged." **Holloman v. State,** 656 So. 2d 1134, 1139 (Miss. 1995)(citing **Smallwood v. State,** 584 So. 2d 733, 738 (Miss. 1991)). Finding that McCollum was afforded fair notice of the charges facing him, we find this issue to be without merit.

### II. WHETHER THE PROSECUTOR, DURING VOIR DIRE, VIOLATED U.R.C.C.C. 3.05 BY MISSTATING ELEMENTS REQUIRED TO BE PROVED UNDER THE DUI MAIMING STATUTE [§ 63-11-30(5)]?

¶13. During voir dire, the prosecutor outlined the elements of what he contended he needed to prove for a DUI maiming conviction under § 63-11-30(5):

> This is what we call a DUI maiming, and what that means is that, today, we've got to prove essentially three things: that the defendant was driving under the influence of alcohol, having more than .10 percent blood alcohol level at the time this incident occurred; that he was driving his vehicle negligently; and that he mutilated the arm of the other driver in this case. That's basically the three things we have to prove.

McCollum argues that not only did this comment violate U.R.C.C.C. 3.05, thereby endangering his right to

a fair trial, but that it was a misstatement of the law, in that it omitted the requirement that the State prove McCollum's negligence caused Harmon's injuries.

¶14. The State first responds that as no objection was made at trial, this assignment of error is procedurally barred. *See West v. State,* 485 So. 2d 681, 686 (Miss. 1986). Not conceding this procedural bar argument, the State goes on to point out that the prosecutor was not arguing any point of law, but was simply explaining to the jury the nature of the case. Further, the State claims that any lingering confusion created by these comments was removed by the jury instructions, and that "it is a recognized presumption that the jury follows the instructions of the trial court." *Johnson v. State,* 475 So. 2d 1136, 1142 (Miss. 1985).

¶15. In a similar case the prosecutor during voir dire implied that the jury could remove the consideration of reasonable doubt, thereby triggering a violation of U.R.C.C.C. 3.05, as the comment offered an improper opinion and misstated the law. *See Palm v. State,* 748 So. 2d 135, 138 (Miss. 1999). There, we held that the very purpose of voir dire is to select a fair and impartial jury and that the disputed comment was made to determine whether the potential jurors understood their function and how they were to evaluate the evidence. *See id.* As a result, we determined "there was no error in ascertaining if the potential jurors knew what was expected of them in order to determine their suitability to serve as jurors." *Id.*

¶16. We find McCollum's second assignment of error procedurally barred as McCollum offered no objection to the prosecutor's comment. Notwithstanding the procedural bar, we find the issue to be without merit as no showing was made that the comment resulted in the impaneling of a jury panel incapable of reaching a fair and impartial verdict.

### III. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF EVIDENCE?

¶17. For his final assignment of error, McCollum argues that there were notable discrepancies between the description of the accident by Harmon, the victim, and Trooper Cain, the accident reconstruction expert. Primarily this is focused at Harmon's early testimony that he struck the mailboxes prior to the collision versus Trooper Cain's testimony that the mail boxes were struck post collision. On cross-examination, Harmon testified as follows: "when you're looking at a truck coming at you, and you're trying to get out of the way, you're not noticing whether you hit the mailboxes first, or the truck hit you, and then the mail boxes. . . . I just know that I left the road trying to get out of the way, and that's when he hit me." "A reviewing court cannot and need not determine with exactitude which witness or what testimony the jury believed or disbelieved in arriving at its verdict." *Gary v. State,* 760 So. 2d 743, 750 (Miss. 2000) (citations omitted). "It is enough that the conflicting evidence presented a factual dispute for jury resolution." *Id.* We have consistently held that, " [w]e will not reverse and grant a new trial unless convinced that the verdict is so contrary to the overwhelming weight of evidence that to allow it to stand would sanction an unconscionable injustice." *Boatner v. State,* 754 So. 2d 1184, 1191 (Miss. 2000). Such is not the case here. McCollum's assignment of error on this issue, as well as the preceding two issues, is without merit.

### CONCLUSION

¶18. For the foregoing reasons, McCollum's conviction and sentence are affirmed.

¶19. **CONVICTION OF DUI MAIMING AND SENTENCE OF TEN YEARS IN THE**

**CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE FIRST FIVE YEARS TO BE SERVED INCARCERATED WITH CONDITION, ARE AFFIRMED.**

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., SMITH, MILLS, COBB, DIAZ AND EASLEY, JJ., CONCUR.**

1. Miss. Code Ann. § 63-11-30(5) states:

> Every person who operates any motor vehicle in violation of the provisions of subsection (1) of this section and who in a negligent manner causes the death of another or mutilates, disfigures, permanently disables or destroys the tongue, eye, lip, nose or any other limb, organ or member of another shall, upon conviction, be guilty of a felony and shall be committed to the custody of the State Department of Corrections for a period of not less than five (5) years and not to exceed twenty-five (25) years.

Section 63-11-30(1) makes it unlawful for any individual to drive a vehicle with a blood alcohol content of ten one-hundredths percent (.10%) or more.