770 So.2d 1021 (2000)
Larry FULGHAM a/k/a Larry G. Fulgham, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01267-COA.
Court of Appeals of Mississippi.
October 31, 2000.
*1022 Gerald Hugh Gibson, Eupora, Attorney for Appellant.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
BEFORE KING, P.J., MOORE, AND THOMAS, JJ.
MOORE, J., for the Court:
¶ 1. Larry Fulgham challenges his conviction in the Webster County Circuit Court for distribution of more than one ounce but less than one kilogram of marijuana on speedy trial grounds. He raises the following issue on appeal which we cite verbatim:

*1023 THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT'S MOTION TO DISMISS ON GROUNDS THAT DEFENDANT WAS DENIED A SPEEDY TRIAL AS REQUIRED BY STATUTE AND CONSTITUTION.
Finding no error, we affirm.

FACTS
¶ 2. Larry Fulgham was arrested August 7, 1997, for the sale of more than one ounce but less than one kilogram of marijuana. On June 15, 1998, the indictment was dismissed because it listed the wrong county as the location of the crime. On the same date, Fulgham was re-indicted for the same crime, with the indictment correctly naming the county in which the crime occurred. On January 1, 1999, the second indictment was dismissed because it misnamed the confidential informant. On the same date, Fulgham was again reindicted for the same crime, with the third indictment correctly naming the confidential informant.
¶ 3. On January 20, 1999, Fulgham moved to dismiss the case on constitutional speedy trial grounds. He did not allege that his statutory right to speedy trial, under Miss.Code Ann. § 99-17-1 (Rev. 1994), had been violated. At the hearing on his motion, Fulgham's attorney argued that the state and federal constitutions require the State to grant a speedy trial. He did not argue that the State violated Fulgham's statutory speedy trial right. The assistant district attorney stated that he assumed that the issue was whether Fulgham's constitutional speedy trial right was violated and that statutory speedy trial was not an issue. Fulgham's attorney responded "right" to the State's assumption, and the assistant district attorney focused his argument on constitutional speedy trial grounds. After applying the factors delineated in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the trial judge concluded that Fulgham was not denied his constitutional right to a speedy trial.

LAW AND ANALYSIS

WAS FULGHAM DENIED THE RIGHT TO A SPEEDY TRIAL?
¶ 4. On appeal, Fulgham asserts for the first time that his statutory speedy trial right has been impinged. "A defendant is procedurally barred from raising an objection on appeal that is different than that raised at trial." Jones v. State, 606 So.2d 1051, 1058 (Miss.1992). "A trial judge will not be found in error on a matter not presented to him for decision." Id. Fulgham is procedurally barred from arguing that his statutory right to a speedy trial was violated because he did not raise this issue at the trial level.
¶ 5. The procedural bar notwithstanding, "where a defendant is reindicted for the same crime, the [statutory] 270 day rule does not begin to run until the arraignment on the reindictment." State v. Shumpert, 723 So.2d 1162 (¶ 18) (Miss. 1998) (citing Corley v. State, 584 So.2d 769, 771-72 (Miss.1991)). Since he was arraigned on the third indictment on January 13, 1999, his trial on June 25, 1999, occurred well within the statutory period.
¶ 6. A criminal defendant also has a constitutional right to a speedy trial under the Sixth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution. In Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court delineated four factors for a trial court to consider in determining whether a defendant's constitutional right to a speedy trial has been impinged. These factors are length of the delay, reason for the delay, an assertion of the right by the defendant, and prejudice to the defendant. Id. at 533, 92 S.Ct. 2182. Each is examined below.

A. Length of delay
¶ 7. The trial judge found that the delay was more than eight months from *1024 the date Fulgham was arrested; thus, the delay was presumptively prejudicial. Taylor v. State, 672 So.2d 1246, 1258 (Miss. 1996); Smith v. State, 550 So.2d 406, 408 (Miss.1989). The delay does not automatically establish Fulgham's constitutional speedy trial claim; however, it does trigger the need to examine the remaining Barker factors. Smith, 550 So.2d at 408.

B. Reason for the delay
¶ 8. The trial court noted that the main reason for the overall delay in bringing this case to trial was due to the State's negligence in preparing the indictment which had to be corrected twice. In Adams v. State, 583 So.2d 165 (Miss.1991), the supreme court ruled that negligence in preparing an indictment should not weigh heavily against the State. The trial court weighed this factor slightly against the State.
¶ 9. The trial court also noted that while Fulgham was arrested in August 1997, the first available grand jury date was December 11, 1997. Further, the trial court noted there was a period between December 11, 1997 to June 15, 1998 in which the record was silent regarding the reason for the delay. Part of this delay could be attributed to plea negotiations, which the State alleged, and Fulgham did not deny, were ongoing. Finally, the trial court noted that Webster County only has two court terms per year, in January and in June, which caused some delay in bring Fulgham to trial. The trial court weighed all of these reasons for delay against the State since the State has the ultimate duty to bring Fulgham to trial. However, the trial court did not weigh these reasons heavily against the State.

C. Assertion of the right
¶ 10. "Although it is the State's duty to insure that the defendant receives a speedy trial, a defendant has some responsibility to assert this right. `Failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial.'" Taylor, 672 So.2d at 1261 (quoting Barker, 407 U.S. at 531-32, 92 S.Ct. 2182). (citations omitted). Fulgham never moved for a speedy trial and never requested a trial date. Instead, he moved to dismiss on speedy trial grounds approximately one and one-half years after his arrest. The supreme court has stated that:
[A] demand for dismissal for violation of the right to speedy trial is not the equivalent of a demand for speedy trial. Such a motion seeks discharge not trial. [In Adams v. State, 583 So.2d 165, 169-170 (Miss.1991)] we held that a demand for dismissal coupled with a demand for an instant trial was insufficient to weigh this factor in favor of the defendant, where the motion came after the bulk of the entire period of delay had elapsed.
Perry v. State, 637 So.2d 871, 875-76 (Miss.1994). The trial court weighed this factor against Fulgham.

D. Prejudice to Fulgham:
¶ 11. This Barker factor "seeks to prevent oppressive pretrial incarceration, minimize anxiety and concern of the accused, and to limit the possibility that the defense will be impaired by the inability to locate witnesses or by failing memories of witnesses." Taylor, 672 So.2d at 1261. Fulgham was out on bond so he did not suffer oppressive pretrial incarceration. Fulgham did not express any anxiety or concern at having the charge pending against him. Initially, Fulgham indicated that the delay may have caused him to lose contact with one of his witnesses and that his defense would be impaired without the witness. The trial court continued the hearing to give Fulgham an opportunity to locate the witness.
¶ 12. When the hearing reconvened two days later, Fulgham told the trial court that he located the witness and that all of his witnesses were available to testify at the trial. Fulgham did not allege any other possible impairment to his defense due to the delay. The trial court found *1025 that Fulgham experienced no prejudice due to the delay.

E. Balancing
¶ 13. Analysis of the Barker factors favors the State. While the State's negligence in preparing the indictments caused the delay, Fulgham had not mentioned or even suggested the existence of prejudice. "The mere specter of prejudice is not a viable basis for reversal." State v. Magnusen, 646 So.2d 1275, 1285 (Miss.1994). This lack of prejudice, together with Fulgham's assertion of the right (in a motion to dismiss) occurring after the bulk of the delay had lapsed, leads us to conclude that Fulgham was not denied his constitutional right to a speedy trial.
¶ 14. THE JUDGMENT OF THE WEBSTER COUNTY CIRCUIT COURT OF CONVICTION FOR DISTRIBUTION OF MORE THAN ONE OUNCE BUT LESS THAN ONE KILOGRAM OF MARIJUANA AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS HEREBY AFFIRMED. COSTS ARE ASSESSED TO WEBSTER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.