BRIDGES, P.J.,
for the Court.
¶ 1. The prosecutor for the Harrison County Youth Court filed a petition in the interest of C.R. alleging abuse. Prior to holding an adjudicatory hearing, the youth court granted the motion of the guardian ad litem, acting upon an agreement with the prosecutor, to dismiss the petition. *1120 The child’s mother, B.R., now appeals claiming that she was not provided notice of the hearing at which the motion to dismiss was presented to the court, and as a result, she was denied her right to be heard. We find her argument to be without merit and, accordingly, affirm.
I.
FACTS
¶ 2. C.R. is the minor daughter of B.R. and M.R., her mother and father, respectively.[1] While talking to a social worker with the Harrison County Department of Human Services (hereafter “DHS”), C.R. made several statements indicating that she had been sexually abused by her father. An investigation ensued, and the intake unit for the Harrison County Youth Court subsequently recommended, in accordance with the Youth Court Act of 1979, that an abuse petition be submitted in the interest of C.R. On March 10, 2003, Herbert W. Wilson, the youth court prosecutor, filed, and the court approved, a petition alleging that C.R. was an abused child. The court additionally appointed Wade M. Baine to be the guardian ad litem for C.R., although precisely when is unclear from the record.
¶ 3. On March 11, 2003, the youth court held a shelter hearing. The more significant aspects of the resulting order from said hearing are as follows: (1) that C.R. be temporarily placed in the care and custody of the DHS, (2) that Dr. J. Donald Matherne conduct a complete psychological evaluation and mental health examination of C.R., (3) that the DHS make all reasonable efforts to obtain a physical examination of C.R., (4) that an adjudicatory hearing be held on April 7, 2003, and (5) that a trial and disposition hearing be tentatively scheduled for May 7, 2003. The court held a reconvened shelter hearing the following day, and the court entered an order reflecting the agreement of the parties that C.R. remain in the custody of the DHS until seen by Dr. Matherne, that both parents will undergo, at their own expense, psychological evaluation by Dr. Matherne, and that C.R. will be placed with T.G., a maternal aunt, pending further proceedings.
¶ 4. After reviewing Dr. Matherne’s psychological evaluations of the child’s parents, Mr. Baine met with Mr. Wilson, who was ill from having suffered a stroke some time after the shelter hearing. They both then agreed to move for dismissal of the petition. On March 31, 2003, Mr. Baine filed a motion with the youth court requesting the case be dismissed without notice and assigned in support thereof that the court’s intake unit recommended dismissal, that Mr. Wilson announced his intention to dismiss the case, that the DHS did not wish to move forward with the petition, and that he, having talked with C.R. himself, could see no reason to proceed. The court granted the motion and entered an order of dismissal.
II.
DISCUSSION
¶ 5. B.R. maintains in her appeal that the youth court, by considering the motion to dismiss, held an adjudicatory hearing, pursuant to Miss.Code Ann. § 43-21-557 (Rev.2000), thereby dispensing with the substantive issue of abuse upon C.R. as alleged in the petition, without providing her with notice of the hearing. The motion to dismiss contained the aforementioned support to be considered by the judge, and B.R. claims that, based on the *1121 information assigned in support thereof, the Youth Court Act mandates that she have the opportunity to confront and examine the person who furnished the information and introduce evidence for the purpose of controverting its contents. Miss. Code Ann. § 43-21-203(9) (Rev.2000). Moreover, B.R. contends that petitions in youth court may only be dismissed in accordance with Section 43-21-557(4) of the Youth Court Act, so as a result, the youth court lacks the authority to summarily dismiss a petition.
¶ 6. The argument advanced by B.R. is meritless because the youth court does possess the authority to dismiss an abuse petition without providing notice to all parties. This authority, however, is not provided in the Youth Court Act, but is vested in the discretion of the prosecutor.
¶ 7. Section 43-21-203(5) of the Youth Court Act declares that “[n]o proceeding by the youth court in cases involving children shall be a criminal proceeding but shall be entirely of a civil nature.” Miss. Code Ann. § 43-21-203(5) (Rev.2000). This Court, however, has noted that “though a youth court proceeding is not a criminal proceeding, it does bear some measure of similarity to a criminal case in circuit court.” In the Interest of JPC v. State, 783 So.2d 778, 780 (¶ 6) (Miss.Ct.App.2000). One such similarity exists between an order to dismiss a petition in youth court and an order to dismiss an indictment, called a nolle prosequi, in circuit court.
¶ 8. “Under Mississippi law, the entry of a nolle prosequi unconditionally dismisses a criminal indictment, but without prejudice to the state to seek re-indictment.” Beckwith v. Anderson, 89 F.Supp.2d 788, 792 (S.D.Miss.2000) (citing De La Beckwith v. State, 707 So.2d 547, 569 (¶ 73) (Miss.1997)). An order to dismiss a petition in youth court has the same effect, meaning the court simply abandons the case and does not make a determination on the merits of the petition. An order of dismissal, therefore, is not an adjudication of either abuse or the absence thereof, and as a consequence, B.R. was not entitled to notice.
¶ 9. As mentioned above, the Youth Court Act does not provide youth courts with the authority to dismiss petitions without prejudice. Under the Act, youth court judges “may at any time terminate the proceedings and dismiss the petition .... ” Miss.Code Ann. § 43-21-557(4) (Rev.2000). As the “may” language of the statute connotes, dismissal of the petition is not a mandate; therefore, the judge possesses sole discretion regarding whether to seek dismissal. See D.D.B. v. Jackson County Youth Ct., 816 So.2d 380, 382 (¶¶ 7-8) (Miss.2002). Dismissal under the statute, however, is permissible only “if the youth court finds such action to be conducive to the welfare of the child and in the best interest of the state.” Miss.Code Ann. § 43-21-557(4) (Rev.2000). This statute is entirely inapplicable to the case at bar for two reasons. First, the court can dismiss a petition on its own volition without the prosecutor moving for dismissal, and secondly, the resulting order is with prejudice based on the requirement that the court make a finding that balances the child’s welfare with the state’s interest.
¶ 10. The order dismissing the petition alleging that C.R. was an abused child was the product of prosecutorial discretion. In the case sub judice, the guardian ad litem was responsible for presenting the youth court with the motion to dismiss. The motion and resulting order, however, remain a product of prosecutorial discretion because the guardian ad litem was acting in accordance with his agreement with the prosecutor. The primary responsibility of prosecutors is to advance the *1122 interests of the state. To assist in discharging their duties, prosecutors have been endowed with broad discretion, and “the decision of whether or not to prosecute and what charge to bring generally rests in his or her discretion.” Williams v. State, 766 So.2d 815, 818 (¶ 11) (Miss.Ct.App.2000) (citing Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978)). The authority to seek a nolle prosequi or dismiss an abuse petition, then, rests in the sole discretion of the prosecutor. Effectuating such dismissal, however, is limited by Section 99-15-53 of the Mississippi Code, which states that “[a] district attorney, or other prosecuting attorney, shall not compromise any cause or enter a nolle prosequi either before or after indictment found, without the consent of the court .... ” Miss.Code Ann. § 99-15-53 (Rev.2000). Consent is achieved by simply presenting a motion to the court.
III.
CONCLUSION
¶ 11. The petition alleging that C.R. was an abused child was dismissed as a result of Mr. Wilson, via Mr. Baine, the guardian ad litem, exercising his prosecu-torial discretion. The Harrison County Youth Court, upon being presented with the motion, entered an order to grant, thereby consenting to, the petition’s dismissal. The order did not render an adjudication as to the allegations in the petition; it simply abandoned the case, leaving all parties just as they were before the petition was filed. Accordingly, the youth court did not deprive B.R. of her right to notice and a hearing. Finding no error by the Harrison County Youth Court, we affirm.
¶ 12. THE JUDGMENT OF THE YOUTH COURT OF HARRISON COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.

. B.R. and M.R. never married; however, paternity, as well as custody and visitation, were established by order of the Harrison County Chancery Court prior to these proceedings.