KING, C.J.,
 

 for the Court.
 

 ¶ 1. Kentrial Belk pled guilty to one count of the sale of cocaine. The Clay County Circuit Court sentenced Belk to serve ten years in the custody of the Mississippi Department of Corrections (MDOC). Belk later filed a petition for post-conviction relief, which the trial court dismissed. Belk now appeals this dismissal, raising five issues on appeal:
 

 1. Whether Belk was tried for a felony without being properly indicted;
 

 2. Whether the indictment was fatally flawed;
 

 3. Whether the trial court erred by allowing the State to proceed under the amended indictment;
 

 4. Whether Belk was innocent of the crime charged under the original indictment; and
 

 5. Whether Belk received ineffective assistance of counsel.
 

 Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On October 5, 2005, Belk was indicted for one count of the sale of cocaine and one count of the sale of marijuana. The State made a handwritten amendment to the indictment, which alleged that Belk sold the drugs to Debra Cunningham.
 

 ¶ 3. On July 11, 2006, during the guilty plea proceeding, Belk admitted that he sold drugs to Cunningham and entered a guilty plea to the sale of cocaine charge. The trial court found that Belk made a knowing and voluntary guilty plea. Although he had a prior felony conviction for possession of cocaine, the State did not pursue an enhanced penalty. The trial
 
 *274
 
 court sentenced Belk to serve ten years in the custody of the MDOC.
 

 ¶ 4. On December 28, 2007, Belk filed a petition for post-conviction relief, raising several claims regarding the indictment and ineffective assistance of counsel. The trial court found that Belk’s petition for post-conviction relief was without merit and dismissed the petition. Aggrieved, Belk timely filed this appeal.
 

 ANALYSIS
 

 ¶ 5. This Court will not disturb a trial court’s dismissal of a petition for post-conviction relief unless the trial court’s decision was clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712(2) (Miss.Ct.App.2004). However, issues of law are reviewed de novo.
 
 Id.
 

 I. Indictment
 

 ¶ 6. Belk raises four issues regarding his indictment. For the sake of judicial efficiency, we will address the merits of these claims together.
 

 ¶ 7. First, Belk argues that the State illegally amended the indictment after it was presented to the grand jury by adding Cunningham’s name to the indictment, identifying her as the buyer of the drugs. Second, Belk argues that the trial court erred by allowing the State to proceed under the amended indictment. Third, Belk contends that Cunningham’s name was an essential element of the crime charged, and since her name was not included in the original indictment, the original indictment was fatally defective. Last, because the original indictment failed to identify the buyer of the drugs, Belk maintains that he was innocent of the crimes charged under the original indictment.
 

 ¶ 8. The law is clear that an indictment may not be amended if the amendment is one of substance, changing the nature of the charge, except by action of the grand jury.
 
 Harris v. State,
 
 907 So.2d 972, 978(22) (Miss.Ct.App.2005) (citing
 
 Greenlee v. State,
 
 725 So.2d 816, 821(10) (Miss.1998)). However, an indictment may be amended if the amendment is simply to the form of the indictment, and the defendant will not be prejudiced by the amendment.
 
 Id.
 
 Thus, we must determine if adding Cunningham’s name to the indictment changed the substance of the indictment or was merely a change to the form of the indictment.
 

 ¶ 9. It is imperative that an indictment contain the essential elements of the crime with which the accused is charged.
 
 See McCollum v. State,
 
 785 So.2d 279, 283(11) (Miss.2001). Belk was indicted pursuant to Mississippi Code Annotated section 41-29-139(a)(l) (Rev.2005), which prohibits any person from knowingly or intentionally selling a controlled substance. The statute does not list the identity of the purchaser of the drugs as an essential element of the crime. In fact, the supreme court has held that “[t]he identity of the person to whom the drugs were sold does not change the essence of the offense, since such identity is not an element of the offense.”
 
 Jones v. State,
 
 912 So.2d 973, 976(10) (Miss.2005).
 

 ¶ 10. Thus, it is clear that Cunningham’s name is not an essential element of the offense. Therefore, the failure to include Cunningham’s name in the original indictment did not make the indictment fatally defective. Belk maintains that he would have been innocent under the original indictment because it failed to identify Cunningham as the purchaser. However, since the identity of the purchaser of the drugs is not an essential element of the crime, Belk’s argument lacks logic.
 

 ¶ 11. The trial court found that the indictment was amended before the grand jury foreman signed the indictment, and
 
 *275
 
 we can find no evidence to the contrary. We also find that the amendment to the indictment was simply one of form and, thus, allowable. The indictment was properly amended, and the trial court did not err by allowing the State to proceed under the amended indictment. Belk’s assignments of error are wholly without merit.
 

 II. Ineffective Assistance of Counsel
 

 ¶ 12. There is a rebuttable presumption that counsel performed within the accepted range of competence for a criminal attorney.
 
 Baldwin v. State,
 
 923 So.2d 218, 222(12) (Miss.Ct.App.2005) (citing
 
 Chase v. State,
 
 699 So.2d 521, 526(3) (Miss.1997)). To succeed on a claim of ineffective assistance of counsel, the defendant must prove that counsel’s performance was deficient, and that this deficiency was prejudicial to his defense.
 
 Brooks v. State,
 
 953 So.2d 291, 294(10) (Miss.Ct.App.2007) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
 

 ¶ 13. Belk argues that his trial counsel was ineffective because he failed to move to dismiss the original indictment, which did not include Cunningham’s name. In the previous assignment of error, we held that Cunningham’s name was not an essential element of the offense and did not have to be included in the indictment. We also held that the amendment to include Cunningham’s name in the indictment was simply one of form and was, therefore, allowable. Thus, we find that Belk’s argument that his trial counsel was ineffective because he failed to request dismissal of the indictment is without merit.
 

 ¶ 14. Next, Belk argues that his trial counsel failed to interview potential witnesses and failed to provide Belk with discovery materials. When petitioners allege such, Mississippi Code Annotated section 99-39-9(l)(e) (Rev.2007) requires that the petitioner shall attach “[ajffidavits of the witnesses who will testify and copies of documents or records that will be offered .... ” Belk failed to provide the names of the alleged witnesses that his trial counsel failed to interview, nor did he provide their affidavits as a summary of their anticipated testimony. Belk also failed to specify what discovery materials his trial counsel neglected to give him and how this prejudiced his defense.
 

 ¶ 15. We have found nothing in the record to suggest that his trial counsel’s performance was deficient, and Belk has failed to provide any evidence in support of his claim. Belk’s allegations of ineffective assistance of counsel consist solely of his bare allegations, and this is insufficient to pass the
 
 Strickland
 
 test.
 
 See, e.g., Wansley v. State,
 
 798 So.2d 460, 465 (18-19) (Miss.2001). Thus, we find that the trial court did not err by dismissing Belk’s claim of ineffective assistance of counsel.
 

 CONCLUSION
 

 ¶ 16. We find that Cunningham’s name was not an essential element of the crime of the sale of drugs, with which Belk was charged. Thus, it did not have to be included in the indictment. Further, the amendment to the indictment, which identified Cunningham as the purchaser of the drugs, was merely one of form and, thus, allowable. Therefore, the trial court did not err by allowing the State to proceed under the amended indictment. Belk’s argument that the indictment was fatally defective is without merit.
 

 ¶ 17. We also find that Belk’s bare allegations of ineffective assistance of counsel are insufficient to pass the
 
 Strickland
 
 test. Since Belk failed to provide any evidence to support his allegations, we find that the
 
 *276
 
 trial court did not err by dismissing his claim of ineffective assistance of counsel.
 

 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
 

 ■ LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.