KING, C.J., for the Court.
 

 ¶ 1. Glenn Payton, Jr., was convicted in the Circuit Court of Forrest County of statutory rape of a fifteen-year-old girl and sentenced to thirty years in the custody of the Mississippi Department of Corrections (MDOC). Aggrieved, Payton appeals his conviction and sentence. Payton’s appellate counsel has filed a
 
 Lindsey
 
 brief, asserting that he is unable, in good faith, to present any arguable issues for appellate review.
 
 [1]
 
 Acting pro se, Payton has filed a brief, raising five issues for the Court’s review:
 

 I. Whether Payton’s indictment was defective;
 

 II. Whether the indictment was improperly amended;
 

 III. Whether Payton was deprived of his right to a speedy trial;
 

 IV. Whether there was prosecutorial misconduct; and
 

 V. Whether Payton received ineffective assistance of counsel.
 

 Finding no error, we affirm Payton’s conviction and sentence.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. For seven years, Payton lived with a girlfriend and her three daughters in Hat-tiesburg, Mississippi. In January 2007, Payton’s girlfriend realized that A.V., her fifteen-year-old daughter, was pregnant.
 
 [2]
 
 A.V. told her mother that Payton, who was thirty-seven years old at the time, was the father of her child. A.V.’s mother contacted the Hattiesburg Police' Department and filed charges against Payton, alleging that he had sex with her underage daughter.
 
 *716
 
 Subsequently, A.V.’s child was born in April 2007.
 

 ¶ 3. Detective Jack Raynor testified that the police department had a difficult time apprehending Payton. In March 2008, Detective Raynor learned that Payton had misled the police to believe that he was Terrance Payton, his brother, and that Payton was confined in the Forrest County Jail for Terrance’s probation violation. Upon learning this information, Detective Raynor had Payton fingerprinted to determine his true identity. After Payton’s identity was verified, he was served with a warrant for his arrest for the statutory rape of A.V. Detective Raynor also obtained a court order to collect DNA samples from Payton to determine whether Payton was the father of A.V.’s child.
 

 ¶ 4. On May 19, 2008, Payton was originally indicted for statutory rape of a child under fourteen years of age. However, A.V. was actually fifteen years old at the time of the incident. After realizing the mistake, the State presented the case to the grand jury and obtained a second indictment against Payton on August 19, 2008, for the statutory rape of a child who was at least fourteen years of age but under sixteen years of age. Thereafter, an order of nolle prosequi was entered for the first indictment. However, the second indictment still contained a mistake — the subsection number of the charging statute was incorrect.
 

 ¶ 5. On September 18, 2008, Payton was arraigned, and his trial date was set for November 5, 2008. Payton filed a motion for a speedy trial on October 18, 2008. Due to the trial court’s docket, Payton’s trial did not commence in November. On December 16, 2008, an agreed order was entered, resetting Payton’s trial date for January 7, 2009. The State filed a motion to amend the indictment on January 6, 2009, requesting that the trial court allow the State to correct the subsection number of the charging statute. The trial court granted the State’s motion to amend the indictment.
 

 ¶ 6. As agreed, Payton’s trial commenced on January 7, 2009. During the trial, A.V. described sexual encounters between herself and Payton. Based on the DNA test results, an expert testified that Payton was indeed the father of A.V.’s child. Payton testified in his defense and admitted having sexual relations with A.V., claiming that A.V. enticed him to have sexual relations with her.
 

 ¶ 7. On January 7, 2009, Payton was convicted of statutory rape. Initially, the trial court sentenced Payton to life in prison. However, the trial court, upon its own motion, brought Payton back to court the very next day to correct his sentence. Payton was then sentenced to thirty years in the custody of the MDOC. Thereafter, Payton filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied the motion. Aggrieved, Payton timely filed his notice of appeal.
 

 ANALYSIS
 

 I.
 
 Lindsey
 
 Brief
 

 ¶ 8. In
 
 Lindsey,
 
 the supreme court modified the process that must be followed when appellate counsel does not believe that his client has any arguable issues to present on appeal. The procedure is as follows:
 

 (1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(l)-(4), (7)[.j
 

 (2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client’s appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically
 
 *717
 
 examining: (a) the reason for the arrest and circumstances surrounding [the] arrest; (b) any possible violations of the client’s right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.
 

 (3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.
 

 (4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must,
 
 if circumstances warrant,
 
 require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant’s success on appeal.
 

 (5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.
 

 Lindsey,
 
 939 So.2d at 748 (¶ 18) (internal citations omitted) (emphasis added).
 

 ¶ 9. In the present case, appellate counsel filed a
 
 Lindsey
 
 brief, indicating that he had diligently searched the procedural and factual history of Payton’s case and scoured the record for any arguable issues that could be presented to this Court on appeal. Appellate counsel specifically stated that he had examined: (1) amendments of the indictment, (2) any speedy-trial violations, (3) challenges of jurors for cause, (4) rulings of the trial court, (5) any possible ineffective assistance of counsel, (6) jury instructions, (7) admission of exhibits, and (8) any misrepresentation of the law in sentencing. However, appellate counsel could not find any error that he could present to this Court in good faith. Appellate counsel informed Payton of his right to file a pro se brief, and Payton has filed a very thorough brief with this Court.
 

 ¶ 10. After a detailed review of the record, we find that the circumstances do not warrant appellate counsel to submit supplemental briefing, and we affirm Pay-ton’s conviction and sentence. For Pay-ton’s benefit, the Court will now address the merits of his claims.
 

 II. Payton’s Assignments of Error
 

 A. Defective Indictment
 

 ¶ 11. Payton argues that his first indictment was defective because it charged him with statutory rape of a child under fourteen years of age when A.V. was actually fifteen years of age at the time of the incident. Payton also argues that he was prejudiced by the fact that the first indictment was not nol prossed until after the second indictment was returned by the grand jury. “Whether an indictment is defective is a question of law, and we review such questions of law under a de novo standard.”
 
 Graham v. State,
 
 967 So.2d 670, 673 (¶ 8) (Miss.Ct.App.2007). Most importantly, the indictment must contain the essential elements of the crime with which the accused is charged.
 
 Belk v. State,
 
 8 So.3d 272, 274 (¶ 9) (Miss.Ct.App. 2009).
 

 ¶ 12. During a motions hearing before the trial court, the State admitted that Payton’s initial indictment was defective because he was indicted for statutory rape of a child who was under fourteen years of age. However, “[u]nder Mississippi law, the entry of a nolle prosequi unconditionally dismisses a criminal indictment, but without prejudice to the [S]tate to seek re-indictment.”
 
 In re C.R.,
 
 879 So.2d 1119, 1121 (¶ 8) (Miss.Ct.App.2004) (quoting
 
 Beckwith v. Anderson,
 
 89 F.Supp.2d 788,
 
 *718
 
 792 (S.D.Miss.2000)). The State obtained a second indictment that charged Payton with the proper offense, and the first indictment was nol prossed.
 

 ¶ 13. The supreme court has held that a defendant, who was indicted for capital murder, was not prejudiced by the return of a second indictment before the entry of nolle prosequi on his first indictment.
 
 Mitchell v. State,
 
 792 So.2d 192, 200 (¶ 25) (Miss.2001). In
 
 Mitchell,
 
 the supreme court considered whether the defendant had been subjected to multiple prosecutions or any harm that may have resulted from the simultaneous indictments.
 
 Id.
 
 Applying this analysis to the present case, we do not find that Payton was prejudiced by the return of his second indictment before the first indictment was nol prossed. Based on the foregoing, we find that this issue is without merit.
 

 B. Amendment to the Indictment
 

 1114. Payton argues that the State improperly amended his second indictment by changing the subsection number of the charging statute. “The law is clear that an indictment may not be amended if the amendment is one of substance, changing the nature of the charge, except by action of the grand jury.”
 
 Belli, 8
 
 So.3d at 274 (¶ 8). However, the indictment may be amended if the change is simply one of form, and the defendant will not be prejudiced by the amendment.
 
 IcL
 

 ¶ 15. Payton’s second indictment charged that Payton unlawfully engaged in sexual intercourse with a child, who was at least fourteen years of age but under sixteen years of age at the time of the incident. This charge corresponds with Mississippi Code Annotated section 97-3-65(l)(a)(i) (Rev.2006). However, the second indictment listed the charging statute as Mississippi Code Annotated section 97-3-65(l)(b)(i) (Rev.2006), which prohibits the statutory rape of a child under fourteen years of age.
 

 ¶ 16. In
 
 Wright v. State,
 
 958 So.2d 158, 169 (¶ 34) (Miss.2007), the supreme court found that the defendant’s indictment was sufficient to provide notice of the crime charged where the substance of the indictment charged the defendant with the proper crime; but because of a typographical error, the indictment listed the wrong subsection of the charging statute. In the present case, the substance of Payton’s second indictment clearly charges Payton with the proper crime and gives him sufficient notice of the charge against him. We find that the amendment of the indictment was simply one of form and, thus, allowable. This issue is without merit.
 

 C. Speedy-Trial Violation
 

 ¶ 17. Payton argues that he was deprived of his right to a speedy trial. In regard to the statutory right to a speedy trial, the law is clear that “where a defendant is reindicted for the same crime, the statutory 270[-]day rule does not begin to run until the arraignment on the reindictment.”
 
 Fulgham v. State,
 
 770 So.2d 1021, 1023 (¶ 5) (Miss.Ct.App.2000). Payton was arraigned on the second indictment on September 18, 2008. His trial commenced on January 7, 2009, which was well within the statutory period. Thus, we find that Payton’s statutory right to a speedy trial was not violated.
 

 ¶ 18. Constitutional standards provide that the right to a speedy trial begins when the defendant is accused, which would be Payton’s date of arrest.
 
 Jones v. State,
 
 756 So.2d 852, 856 (¶ 10) (Miss.Ct.App.2000). An eight-month delay or more between the date of the accused’s arrest and his trial is presumptively prejudicial.
 
 Id.
 
 at 857 (¶ 11). Where the delay is presumptively prejudicial, the Court considers the following factors to deter
 
 *719
 
 mine whether a defendant’s constitutional right to a speedy trial has been violated: (1) length of the delay, (2) reasons for the delay, (3) an assertion of the right by the defendant, and (4) prejudice to the defendant.
 
 Id.
 
 at 856 (¶ 8).
 

 ¶ 19. Payton was arrested in March 2008. As previously mentioned, there was a delay due to his reindictment. Initially, his trial was scheduled to commence in November 2008. However, the record shows that another trial, which was scheduled on the same date, caused Payton’s trial to be rescheduled. Then, pursuant to an agreed order, Payton’s trial was rescheduled to commence in January 2009, and so it did. After considering the factors, we find that there were valid reasons for the delay, and Payton failed to show how he suffered any prejudice by the delay. Accordingly, we find that Payton’s constitutional right to a speedy trial was not violated. This argument is without merit.
 

 D. Prosecutorial Misconduct
 

 ¶ 20. Payton lists two alleged instances of prosecutorial misconduct: (1) the fact that the second indictment was returned before the first indictment was nol prossed and (2) the State’s amendment of the second indictment.
 

 ¶ 21. As previously mentioned, we found that both of these issues lacked merit. Accordingly, we do not find any instances of prosecutorial misconduct.
 

 E. Ineffective Assistance of Counsel
 

 ¶ 22. Payton alleges that his trial counsel was ineffective for the following reasons: (1) trial counsel failed to object to the amendment of the indictment; (2) trial counsel failed to object to allegedly prejudicial and erroneous jury instructions; and (3) trial counsel failed to object to Payton’s allegedly illegal sentence.
 

 ¶ 23. When considering a claim of ineffective assistance of counsel, this Court must find that trial counsel’s performance was deficient and that there would have been a different result in the verdict if it were not for trial counsel’s deficiency.
 
 See Belle,
 
 8 So.3d at 275 (¶ 12). However, the Court rarely determines issues of ineffective assistance of counsel on direct appeal unless: “(1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial court.”
 
 Graves v. State,
 
 914 So.2d 788, 798 (¶ 35) (Miss.Ct.App.2005) (citations omitted).
 

 ¶ 24. Based on our review of the record, this Court cannot find any evidence to support a viable claim of ineffective assistance of counsel.
 
 See Scott v. State,
 
 8 So.3d 855, 864 (¶ 45) (Miss.2008). As previously mentioned, we found that Payton’s issue concerning the amendment of his indictment lacked merit. Payton failed to specifically note any jury instruction that contained error, and the Court could not find any error in the jury instructions. Also, Payton’s sentence was corrected by the trial court on its own motion; thus, no harm resulted. Based on the foregoing, we find that Payton’s claim of ineffective assistance of counsel is clearly without merit.
 

 ¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY OF CONVICTION OF STATUTORY RAPE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
 

 
 *720
 
 LEE AND MYERS, P.JJ, IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . In
 
 Lindsey v. State,
 
 939 So.2d 743, 748 (¶ 18) (Miss.2005), the supreme court modified the procedure that appellate counsel must follow when appellate counsel determines that there are no appealable issues within the trial court record.
 

 [2]
 

 . To protect the anonymity of minor victims of sexual abuse, we use fictitious initial to represent their names.