# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00957-COA

**GLEN PAYTON A/K/A GLENN PAYTON, JR.**
**A/K/A GLEN PAYTON, JR. A/K/A GLENN**
**PAYTON**                                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                **APPELLEE**

DATE OF JUDGMENT:               06/01/2015
TRIAL JUDGE:                    HON. RICHARD A. SMITH
COURT FROM WHICH APPEALED:      SUNFLOWER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         GLEN PAYTON (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: SCOTT STUART
NATURE OF THE CASE:             CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:        DISMISSED FOR LACK OF JURISDICTION
DISPOSITION:                    AFFIRMED - 09/20/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND ISHEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     Glen Payton appeals the dismissal of his motion for postconviction relief (PCR). The

Circuit Court of Sunflower County dismissed Payton's motion after finding that Payton failed

to obtain permission from the Mississippi Supreme Court to file his motion pursuant to

Mississippi Code Annotated section 99-39-7 (Rev. 2015). Upon review, we affirm the trial

court's dismissal of Payton's PCR motion for lack of jurisdiction.

## PROCEDURAL HISTORY

¶2.     Payton was convicted of statutory rape in 2009. This Court affirmed his conviction

in *Payton v. State*, 41 So. 3d 713 (Miss. Ct. App. 2009). In 2015, Payton filed a petition for habeas corpus in the Sunflower County Circuit Court. Treating the petition as one for postconviction relief, the trial court determined that it did not have jurisdiction since Payton had failed to seek permission from the supreme court pursuant to section 99-39-7.

¶3. Payton now appeals, asserting that his indictment was defective.

## STANDARD OF REVIEW

¶4. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

¶5. As previously stated, this Court affirmed Payton's conviction and sentence in 2009. And pursuant to section 99-39-7, Payton was required to seek permission from the supreme court before filing his PCR motion in the trial court. Payton failed to do so; thus, the trial court properly dismissed his PCR motion for lack of jurisdiction.

¶6. We note that Payton previously filed an application, cause number 2014-M-1245, with the Mississippi Supreme Court for leave to proceed in the trial court. On September 24, 2014, the supreme court denied Payton's application, finding that it was both time-barred and barred by res judicata. The supreme court noted that: the filing was Payton's sixth application; it had denied the five prior applications; and it had sanctioned Payton for his third, fourth, and fifth applications. The supreme court sanctioned him again, bringing his

total sanctions to $850. Regardless, Payton filed another motion with the supreme court on July 28, 2015, with the same cause number. On September 9, 2015, the supreme court denied this motion and sanctioned him $250.

¶7.     This filing is likewise frivolous; thus, we find Payton should be sanctioned in the amount of $250.

¶8.     **THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. SANCTIONS IN THE AMOUNT OF $250 ARE ASSESSED TO THE APPELLANT. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.  JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**