RUSSELL, J.,
for the Court:
¶ 1. Harvey Garrett pled guilty to the sale of a controlled substance. On November 17, 2008, the circuit court sentenced him to seventeen years, with twelve years to serve in the custody of the Mississippi Department of Corrections (MDOC), followed by five years of post-release supervision. He was also ordered to pay a $5,000 fine with $2,500 suspended. Garrett filed a motion for post-conviction relief (PCR), which was denied.
¶ 2. He now appeals contending that (1) he was denied due process because he was convicted under a defective indictment; (2) the circuit court committed plain error by proceeding with the plea colloquy when the indictment did not name the buyer of the drugs; (3) he was innocent of the crimes charged under the indictment because the indictment failed to name the buyer; (4) his attorney was ineffective for failing to move to dismiss the indictment due to the alleged indictment defect. We find no error and affirm.
STATEMENT OF FACTS
¶ 3. On September 9, 2008, Garrett was indicted for the felony sale of cocaine in violation of Mississippi Code Annotated section 41-29-139 (Supp.2011). On October 14, 2008, Garrett entered a guilty plea to this charge. On November 17, 2008, Garrett was sentenced to seventeen years, with twelve years to serve and five years of post-release supervision. Thereafter, Garrett filed a PCR motion alleging that the indictment was defective and that he received ineffective assistance of counsel. *792 On May 26, 2009, the circuit court denied Garrett’s PCR motion.
¶ 4. On September 24, 2010, Garrett filed a second PCR motion arguing his indictment was defective because it did not state the name of the buyer he sold the cocaine to; that the trial court committed plain error by proceeding with the plea colloquy when the indictment did-not name the buyer; that his attorney was ineffective for failing to move to dismiss the indictment due to the alleged defect; and that he was innocent. On March 31, 2011, the circuit court denied relief without an evidentiary hearing, finding the current motion barred by Mississippi Code Annotated section 99-39-23(6) (Supp.2011), since it was the second or subsequent PCR motion filed by Garrett. The court further found that Garrett’s PCR motion had absolutely no chance of success and was frivolous. Because the court found Garrett’s previous motion was also frivolous, one hundred twenty days of his earned time credit were forfeited pursuant to Mississippi Code Annotated section 47-5-138 (Rev.2011).[1] On April 4, 2011, Garrett filed his notice of appeal.
DISCUSSION
¶ 5. “When reviewing a lower court’s decision to deny a petition for post-conviction relief, an appellate court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo.” Gavin v. State, 72 So.3d 570, 572 (¶ 4) (Miss.Ct.App.2011) (citing Moore v. State, 986 So.2d 928, 932 (¶ 13) (Miss.2008)) (citation omitted). We note at the outset that Garrett’s second PCR motion is barred as a successive writ. See Miss. Code Ann. § 99-39-23(Supp.2011). Notwithstanding this procedural bar, we will address the issues raised by Garrett.
¶ 6. The issue of whether a circuit court erred in denying a PCR motion without an evidentiary hearing is viewed de novo. Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999). The right to an evidentiary hearing is not guaranteed. The trial judge has discretion in allowing an evidentiary hearing, and “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.” Evans v. State, 61 So.3d 922, 927 (¶ 19) (Miss.Ct.App.2011) (quoting Miss.Code Ann. § 99-39-11(2) (Rev.2000)).
¶ 7. Garrett filed two PCR motions in the same court where he pled guilty, which were both denied. It is therefore plausible that the court could have, after considering all prior evidence and from the face of the motion, found that Garrett was not entitled to any relief. Thus, the denial of an evidentiary hearing was proper.
I. Indictment
¶ 8. Garrett contends that his indictment was defective because it failed to state the name of the confidential informant to whom he sold the drugs. He further contends that because of the defect, the circuit court erred by allowing the State to proceed under the indictment, and that he was innocent of the crimes charged. The indictment reads as follows:
On or about July 14, 2008, in Montgomery County, Mississippi, and within the jurisdiction of this Court, [Garrett] did wilfully, unlawfully, feloniously, and purposely or knowingly sell, transfer, distribute or deliver to a human being a controlled substance, to wit: [cjocaine, a *793 Schedule II controlled substance as listed in [s]ection 41-29-115(A)(a)(4) [ (Supp.2011) ] of the Mississippi Code Annotated ... and did then and there receive therefor the sum of lawful United States money, in violation of [s]ection 41-29-139(a)(l) of the Mississippi Code Annotated ... and against the peace and dignity of the State of Mississippi.
¶ 9. “A guilty plea operates to waive the defendant’s privilege against self-incrimination, the right to confront and cross-examine the prosecution’s witnesses, the right to a jury trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt.” Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). There are two exceptions to the general rule. A guilty plea does not waive the defendant’s right to assert that the indictment fails to charge an essential element of the crime, nor does it waive subject-matter jurisdiction. Id.
¶ 10. First we must address whether the indictment failed to charge an essential element of the crime when it did not include the name of the buyer of the drugs. It is imperative that an indictment contain the essential elements of the crime with which the accused is charged. McCollum v. State, 785 So.2d 279, 283 (¶ 11) (Miss.2001). Garrett was indicted pursuant to Mississippi Code Annotated section 41 — 29—139(a)(1), which prohibits any person from willfully, unlawfully, felo-niously, and purposely or knowingly selling a controlled substance.
¶ 11. The statute does not list the identity of the buyer of the drugs as an essential element of the crime. In fact, the supreme court has held that “[t]he identity of the person to whom drugs are sold does not change the essence of the offense, since such identity is not an element of the offense.” Jones v. State, 912 So.2d 973, 976 (¶ 10) (Miss.2005).
¶ 12. We find that the buyer’s name did not have to be included in the indictment, as it was not an essential element of the crime of the sale of a controlled substance, with which Garrett was charged. Therefore, the circuit court did not err by allowing the State to proceed under the indictment.
II. Ineffective Assistance of Counsel
¶ 13. To establish a claim of ineffective assistance of counsel, Garrett must prove that under the totality of the circumstances: (1) his attorney’s performance was deficient; and (2) the deficiency deprived him of a fair trial. See Baldwin v. State, 923 So.2d 218, 222 (¶ 12) (Miss.Ct.App.2005) (quoting Jackson v. State, 815 So.2d 1196, 1200 (¶ 8) (Miss.2002)). Where a defendant enters a plea on advice of counsel, the attorney’s performance is deemed “deficient” for purposes of the Strickland standard[2] only if it falls below “the range of competence demanded of attorneys in criminal cases.” Id. (quoting Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).
¶ 14. There is a rebuttable presumption that counsel performed within the accepted range of competence for a criminal attorney. Belk v. State, 8 So.3d 272, 275 (¶ 12) (Miss.Ct.App.2009) (citing Chase v. State, 699 So.2d 521, 526 (Miss.1997)) (citation omitted). To succeed on a claim of ineffective assistance of counsel, the defendant must prove that counsel’s performance was deficient, and that this deficiency was prejudicial to his defense. Id. (citing Strickland v. Washington, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)) (citation omitted).
*794 ¶ 15. During the plea hearing, the following exchanges took place between the circuit court judge and Garrett:
Q: Did you have an opportunity to have your lawyer read this petition to enter a plea of guilty to you?
A: Yes, sir.
Q: When she read it to you, did you understand the contents of this petition?
A: Yes, sir.
[[Image here]]
Q: ... Now, have you had an opportunity to go over the charges that have been brought against you in this case with your attorney ... ?
A: (No response).
Q: Has she discussed the case with you and counseled with you about it?
A: Well, yeah.
Q: And has she advised you of the elements of the crime of sale of cocaine, that being the facts the State would have to prove before you could be found guilty?
A: Yes, sir.
Q: Has she also discussed with you any possible defenses you might have to the charge?
A: Right.
Q: Has she met the expectations of what you think a lawyer representing you in this case should do for you?
A: Well, I — yeah.
Q: And do you have any complaints about that representation?
A: No, sir. All I ask, if ya’ll could just give me, you know, reduce the time a little bit. That’s the only thing I want.
Q: Of course, that is not in the control of your lawyer. You understand that?
A: No. That’s the only thing I’m asking ya’ll, because, you know, I got a daughter, you know, I want to see through school and everything.
Q: Are you completely and totally satisfied in all respects with the representation you have received from [your] lawyer?
A: Yes. Yes, sir.
Q: And is this plea of guilty your free and voluntary act?
A: Yes, sir.
[[Image here]]
Q: ... Did you sell cocaine on that date as just stated to me by the district attorney?
A: I — yeah.
Q: And are you pleading guilty because you are, in fact, guilty?
A: Yeah.
¶ 16. Where a defendant does not question his guilt, nor does he suggest any impairment to any defense that might have been made available to him, this Court has declined to hold that such defendant received ineffective assistance of counsel. Sutton v. State, 873 So.2d 120, 124 (¶ 19) (Miss.Ct.App.2004).
¶ 17. Garrett further contends that he was without sufficient notice to prepare his defense. We find there was sufficient notice of the crucial elements of the offense, that he sold and delivered to another person a controlled substance. Furthermore, we have found nothing in the record to suggest that Garrett’s attorney’s performance was deficient, and Garrett has failed to provide any evidence in support of his claim. He relies solely on his allegations to support his claim of ineffective assistance of counsel, and this is insufficient to pass the Strickland test. Thus, we find the circuit court did not err by dismissing *795 Garrett’s claim of ineffective assistance of counsel.
CONCLUSION
¶ 18. For the forgoing reasons, we affirm the judgment of the Montgomery County Circuit Court.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONTGOMERY COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR.

. We note that Garrett does not contest the imposition of sanctions on appeal.

. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).