# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-01404-COA

**TIMOTHY ANTONIO MCCORMICK A/K/A TIMOTHY A. MCCORMICK A/K/A TIMOTHY MCCORMICK**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE


| | |
|---|---|
| DATE OF JUDGMENT: | 09/10/2014 |
| TRIAL JUDGE: | HON. MICHAEL H. WARD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN ELIZABETH PRIDGEN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF ROBBERY AND SENTENCED AS A HABITUAL OFFENDER TO SERVE FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED – 12/15/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., BARNES AND JAMES, JJ.

### IRVING, P.J., FOR THE COURT:

¶1. In this appeal, we are called upon to determine whether Timothy McCormick's statutory and constitutional rights to a speedy trial were violated. Finding that his rights were not violated, we affirm.

FACTS

¶2.    On January 16, 2006, McCormick was arrested for robbery. He was indicted on October 9, 2006. On January 22, 2007, McCormick waived arraignment and entered a not-guilty plea. The trial court entered a scheduling order and set a trial date for May 7, 2007. On January 25, 2007, McCormick filed two motions: one demanding a speedy trial and one seeking a dismissal of the indictment because of an alleged violation of his constitutional right to a speedy trial.

¶3.    McCormick failed to appear for trial on May 7, 2007. On that day, a judgment nisi was entered by the trial court against McCormick and his bonding company. This judgment was made final on September 11, 2007. In both orders, the trial court ordered McCormick's immediate arrest.

¶4.    A March 25, 2008 docket entry states: "Filing recorded: Surrender of Timothy Antonio McCormick by Jamel Bonding 3/20; CNV recorded the following Case Action Note: Def[endant] missing court and new charges in GA-DOC until 2013 (projected release date)." This surrender notice was also filed with the Harrison County Sheriff's Office. According to the docket, nothing further occurred until January 31, 2012, when the sheriff's department filed a detainer request to be sent to the Georgia Department of Corrections to obtain custody of McCormick. Eventually, McCormick waived extradition and was transported from Georgia to Mississippi. The extradition waiver is dated July 1, 2013, the extradition order is dated July 2, 2013, and McCormick arrived in Mississippi on or about July 12, 2013.

¶5.     On August 13, 2013, McCormick filed a request for discovery, a demand for a speedy trial, and a motion to suppress. On September 3, 2013, McCormick again waived arraignment and entered a not-guilty plea. At that time, trial was scheduled for December 2, 2013. McCormick filed a pro se motion on October 1, 2013, requesting a speedy trial. On December 2, 2013, the trial court granted a continuance at McCormick's request and set the trial for March 10, 2014. On March 7, 2014, McCormick's counsel, Wilton McNair, filed a motion to withdraw. The record does not indicate whether the trial court ruled on the motion to withdraw; however, McNair represented McCormick during trial.

¶6.     On June 3, 2014, the trial court granted another continuance at McCormick's request and reset trial for September 8, 2014. McCormick filed another pro se motion for a speedy trial on July 18, 2014. On September 8, 2014, after hearing arguments concerning McCormick's motion for a speedy trial, the trial court denied the motion. The trial began on September 9, 2014, and the jury found McCormick guilty of robbery. McCormick was sentenced as a habitual offender to fifteen years in the custody of the Mississippi Department of Corrections.

¶7.     McCormick filed post-trial motions, which the trial court denied. He now appeals, asserting that his right to a speedy trial was violated.

STANDARD OF REVIEW

¶8.     In *DeLoach v. State*, 722 So. 2d 512, 516 (¶12) (Miss. 1998) (internal citations omitted), the Mississippi Supreme Court set forth the standard of review for speedy-trial

violations as follows:

> Review of a speedy trial claim encompasses the fact question of whether the trial delay [a]rose from good cause. Under this [c]ourt's standard of review, this Court will uphold a decision based on substantial, credible evidence. If no probative evidence supports the trial court's finding of good cause, this Court will ordinarily reverse. The [S]tate bears the burden of proving good cause for a speedy trial delay, and thus bears the risk of non-persuasion.

## DISCUSSION

### 1. Statutory Right to a Speedy Trial

¶9. McCormick asserts his statutory right to a speedy trial was violated under Mississippi Code Annotated section 99-17-1 (Rev. 2015), which states: "[U]nless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned." We analyze statutory speedy-trial rights using a two-part test: (1) determine the total number of days between arraignment and trial, and (2) consider each delay separately, because only those delays attributable to the State count toward the 270 days. *Manix v. State*, 895 So. 2d 167, 174 (¶9) (Miss. 2005). We do not count the date of arraignment, but the date of trial and weekends are counted unless the 270th day falls on a Sunday. *Adams v. State*, 583 So. 2d 165, 167 (Miss. 1991). For the second step this Court must determine which party is responsible for the delay and their reason. *Sharp v. State*, 786 So. 2d 372, 377 (¶5) (Miss. 2001).

¶10. McCormick's waiver of arraignment occurred on January 22, 2007, and his trial was ultimately held September 9, 2014. This is clearly past the 270-day requirement. However,

4

a majority of the elapsed time was attributable to McCormick.

¶11.    The first block of time to be considered is from arraignment, January 22, 2007, to the first date set for trial, May 7, 2007. Accounting for 105 days, this does not appear overly lengthy for trial preparation. *See id.* at 378 (¶6). The next block of time consists of the time between McCormick's initial trial date and his return to Mississippi, which includes his incarceration in Georgia. Although the State asserted that it was unaware of McCormick's location until 2012, when it was notified by the sheriff's department, that fact does not shield the State from any obligatory legal action that it otherwise would have been required to take because, as stated, the sheriff's department was aware of McCormick's whereabouts as early as March 2008, when McCormick's bail bondsman filed the surrender notice. What the sheriff's department knew is imputed to the State. *See Cressionnie v. State*, 797 So. 2d 289, 292 (¶8) (Miss. Ct. App. 2001); *see also Bridgeman v. State*, 58 So. 3d 1208, 1216 (¶36) (Miss. Ct. App. 2010). However, since McCormick did not make a demand for a speedy trial while incarcerated in Georgia, the State was not obligated to do anything. *Cummings v. State*, So. 2d 673, 675 (Miss. 1969).

¶12.    In any event, in early 2012, the State started the process to extradite McCormick, and, as stated, McCormick was returned to Mississippi on July 12, 2013. The period of time between McCormick's initial trial date and the date of his return to Mississippi is huge and significant; however, we find that this time should not be counted against the State because, as stated, McCormick made no formal demand for a speedy trial, and the State, in the

5

absence of a demand, was not obligated to do anything during this period. *Cummings,* So. 2d at 675.

¶13. Once McCormick was returned to Mississippi, he was appointed counsel and had a trial date set for December 2, 2013. During this period, McCormick filed two requests for a speedy trial. Prior to trial, however, McCormick requested a continuance. The continuance was granted, and trial was rescheduled for March 10, 2014. On June 3, 2014, the trial court granted another continuance at McCormick's request and reset trial for September 8, 2014. The record does not indicate why trial did not begin March 10, 2014. The delay resulting from McCormick's two continuances is charged against him. *Sharp*, 786 So. 2d at 378 (¶7). In his two motions for a continuance, McCormick stated that he "waive[d] speedy trial rights or objections." Thus, McCormick's right to assert a speedy-trial violation was waived. *See Summers v. State*, 914 So. 2d 245, 254 (¶23) (Miss. Ct. App. 2005).

¶14. During the post-trial hearing on McCormick's speedy-trial issue, McCormick testified that some of the delay (post-extradition) was due to the State's attempt to negotiate a plea deal. According to McCormick, the State approached him more than once, but he declined.

¶15. Regardless of any waiver by McCormick, we cannot find a statutory speedy-trial violation. The majority of the time between arraignment and trial was attributable to McCormick, and any other delays resulted from McCormick's requests for continuances or the State's attempt to negotiate a plea deal. McCormick should not benefit from skipping trial and then complaining after the fact that he was denied a speedy trial. This issue is

without merit.

### 2. *Constitutional Right to a Speedy Trial*

¶16.    McCormick also contends his constitutional right to a speedy trial was violated. Since there is no set amount of time within which a defendant must be brought to trial, the United States Supreme Court has developed a balancing test to determine whether a defendant's constitutional right to a speedy trial has been violated. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The four factors to be considered together and balanced are: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Id*. at 530-32; *Stark v. State*, 911 So. 2d 447, 450 (¶7) (Miss. 2005).

### *A. Length of the Delay*

¶17.    Under *Barker*, "[t]he length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530. In Mississippi, any delay from the date of arrest, indictment, or information until trial exceeding eight months is presumptively prejudicial. *Stark*, 911 So. 2d at 449-50 (¶7) (citing *Smith v. State*, 550 So. 2d 406, 408 (Miss. 1989)). McCormick was arrested on January 16, 2006, and his trial finally began on September 9, 2014. Since the delay exceeds eight months, it is presumptively prejudicial, and the cause of the delay must be analyzed under the remaining *Barker* factors.

### *B. Reason for the Delay*

7

¶18. "Once a delay is found to be presumptively prejudicial, the burden of proof shifts to the State to show cause for the delay." *Stark*, 911 So. 2d at 450 (¶11). The appellate court must determine whether the delay should be charged to the State or the defendant. *Id*. Since the burden is on the State to provide a defendant with a speedy trial, this factor is weighed against the State unless it can show either that the delay was caused by the defendant or that the delay was for a good cause. *Id*.; *Wiley v. State*, 582 So. 2d 1008, 1012 (Miss. 1991).

¶19. As previously stated, the majority of the delay is attributable to McCormick since he fled the state prior to trial. After extradition back to Mississippi, McCormick further delayed trial by filing two requests for continuances. "Well-taken" motions for continuance may justify a delay in a criminal case. *Flora v. State*, 925 So. 2d 797, 815 (¶63) (Miss. 2006).

### C. Assertion of the Right to Speedy Trial

¶20. As previously stated, McCormick did assert his right to a speedy trial.

### D. Prejudice to the Defendant

¶21. The supreme court has identified three main considerations in determining whether the accused has been prejudiced by a lengthy delay: "(1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired." *Jefferson v. State*, 818 So. 2d 1099, 1108 (¶21) (Miss. 2002) (internal quotations omitted). "Generally, proof of prejudice entails the loss of evidence, death of witnesses, or staleness of an investigation." *Sharp*, 786 So. 2d at 381 (¶19).

¶22.   McCormick contends his defense was impaired because the area around the grocery store that he robbed had drastically changed since January 26, 2006, the day of the robbery. Part of McCormick's defense was that he was patronizing a nearby casino and was picked up from the casino by James Ferrell. The men were subsequently stopped by the local police, who searched the vehicle and discovered cash and a receipt from the grocery store. However, a witness testified that he saw a man matching McCormick's description leave the grocery store at the time of the robbery. This witness followed the car McCormick had gotten into until the local police pulled the car over. Since McCormick is responsible for the bulk of the delay for which he now claims prejudice, we find his argument unconvincing. This issue is without merit.

¶23.   **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF ROBBERY AND SENTENCE AS A HABITUAL OFFENDER OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**