# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01242-COA

QUINTON CARTER A/K/A QUINTON                                          APPELLANT
LATONUS CARTER, III A/K/A QUINTON
LATONUS CARTER

v.

STATE OF MISSISSIPPI                                                  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/23/2015 |
| TRIAL JUDGE: | HON. ROBERT P. CHAMBERLIN |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | QUINTON CARTER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/29/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Quinton Carter pled guilty to sexual battery of a child under the age of fourteen years old in the DeSoto County Circuit Court. The trial court sentenced Carter to serve a term of thirty years in the custody of the Mississippi Department of Corrections (MDOC), with twenty years to serve followed by ten years of postrelease supervision. On June 26, 2015, Carter filed a motion seeking postconviction relief (PCR). The trial court dismissed Carter's PCR motion after finding it time-barred and without merit.

¶2.     Carter now appeals the trial court's denial of his PCR motion, claiming that the trial court erred by failing to find that: (1) he was denied due process of the law when the State failed to meet its burden of proving the elements of the indicted charge, specifically the age of the victim; (2) he was denied his constitutional right to a speedy trial; and (3) the indictment failed to provide him with proper notice of the charges against him, specifically that the alleged offense was against the will of the victim. Finding no error, we affirm.

**FACTS**

¶3.     On March 26, 2004, a grand jury indicted Carter on three counts of sexual battery. On October 4, 2006, Carter entered a plea of guilty to one count of sexual battery of a child under the age of fourteen, in violation of Mississippi Code Annotated section 97-3-95(1)(d) (Rev. 2014), in cause number CR2004-260CD. The trial court sentenced Carter to serve thirty years in the custody of the MDOC, with twenty years to serve, followed by ten years of postrelease supervision.[1]

¶4.     On June 26, 2015, Carter filed a PCR motion. In an order entered July 23, 2015, the trial court found that Carter had filed his PCR motion well past the three-year statute of limitations for filing PCR motions. *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2015). The trial court acknowledged "that errors affecting fundamental constitutional rights are excepted

---

[1] The record reflects that on October 4, 2006, Carter also entered guilty pleas in two additional but separate cases: Carter entered a guilty plea to one count of fondling and one count of sexual battery in cause number CR2005-169CD, and he entered a guilty plea to one count of fondling in cause number CR2004-481CD. Carter filed a PCR motion regarding cause number CR2005-169CD in 2010. The PCR motion currently before this Court challenges Carter's conviction of one count of sexual battery and subsequent sentence in CR2004-260CD.

from procedural bars [that] would otherwise prevent their consideration[,]" and Carter had asserted fundamental-rights violations in his PCR motion. However, in examining Carter's claims of fundamental-rights violations, the trial court found that Carter "produced no evidence that he fits into one of the exceptions," nor did Carter show one of the three exceptions to the three-year statute of limitations provided in Mississippi Code Annotated section 99-39-5(2)(a)-(b). The trial court also found that "no affidavits have been provided by Carter which would necessitate a full-blown evidentiary hearing." The trial court ultimately held that "it appears beyond doubt that Carter can prove no set of facts in support of his claims that would entitle him to relief," and dismissed Carter's PCR motion with prejudice. Carter now appeals.

## STANDARD OF REVIEW

¶5. "This Court employs the clearly-erroneous standard of review when reviewing a [trial] court's summary dismissal of a PCR motion." *Jones v. State*, 174 So. 3d 902, 905 (¶8) (Miss. Ct. App. 2015). When questions of law are raised, however, this Court employs a de novo standard of review. *Id*. "If it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified." Miss. Code Ann. § 99-39-11(2) (Rev. 2015).

¶6. Carter, as the movant, bears the burden of showing by a preponderance of the evidence he is entitled to postconviction relief. *Roach v. State*, 116 So. 3d 126, 131 (¶15) (Miss. 2013); Miss. Code Ann. § 99-39-23(7) (Rev. 2015). This Court will affirm dismissals

3

or denials of PCR motions when the movant fails to demonstrate "a claim procedurally alive substantially showing the denial of a state or federal right." *Borden v. State*, 122 So. 3d 818, 821 (¶7) (Miss. Ct. App. 2013).

## DISCUSSION

¶7. The record shows that Carter filed the present PCR motion on June 26, 2015, nearly nine years after entering his guilty plea on October 4, 2006. Section 99-39-5(2) provides that in the case of guilty plea, "[a] motion for relief under this article shall be made . . . within three (3) years after entry of the judgment of conviction." Carter's PCR motion is clearly untimely and thus barred by the three-year statute of limitations of the Mississippi Uniform Postconviction Collateral Relief Act (UPCCRA). However, we acknowledge that the UPCCRA has provided certain exceptions from this three-year statute of limitations in cases where the petitioner can demonstrate the following:

> (a)(i) That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or
>
> (ii) That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.
>
> (b) Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been

4

unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

Miss. Code Ann. § 99-39-5(2). Furthermore, errors affecting a defendant's fundamental constitutional rights also constitute exceptions to this time-bar. *Blount v. State*, 126 So. 3d 927, 931 (¶13) (Miss. Ct. App. 2013). In his PCR motion, Carter purports to assert several violations of his fundamental constitutional rights. As stated, Carter bears the burden of showing by a preponderance of the evidence he is entitled to postconviction relief. *Roach*, 116 So. 3d at 131 (¶15); Miss. Code Ann. § 99-39-23(7). As stated, Carter argues that: the State failed to meet its burden of proving the elements of the indicted charge; he was denied his right to a speedy trial; and his indictment failed to provide him with proper notice of the charges against him. We turn now to examine whether Carter's assignments of error are sufficient to invoke the fundamental-rights exception.

*Elements of the Indicted Charge*

¶8. Carter first argues that in charging him with sexual battery of a child under the age of fourteen, the State never presented any birth certificate to prove the age of the victim, nor did the State present any sworn testimony regarding the victim's age. Carter maintains that the State thus failed to meet its burden of proving the elements of the indicted charge, and as a result, Carter asserts that he was denied due process of the law.

¶9. The record reflects that Carter pled guilty to the charge of sexual battery of a child under the age of fourteen. This Court has held that a valid guilty plea "operates to waive the defendant's . . . right that the prosecution prove each element of the offense beyond a reasonable doubt." *Garrett v. State*, 110 So. 3d 790, 793 (¶9) (Miss. Ct. App. 2012) (citing

5

*Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989)); *see also* URCCC 8.04. Additionally, in addressing the merits of Carter's PCR motion, the trial court cited to *Watson v. State*, 100 So. 3d 1034, 1038 (¶8) (Miss. Ct. App. 2012), and explained that "[a] victim's birth certificate is not required to prove the statutory-rape element of age. Age may be adequately proven by testimony." (Internal citations omitted).

¶10.    As the trial court noted, the record reflected that Carter testified as to his age at the time of the plea hearing, as well as his birth date. The trial court also acknowledged that at the plea hearing, the State's offer of proof provided that the victim was under fourteen years old, and Carter did not contest this offer of proof. Therefore, the record reflects a sufficient factual basis in support of Carter's guilty plea and the offense of sexual battery of a child under fourteen years old.

¶11.    We find this issue lacks merit.

*Speedy Trial*

¶12.    Carter next asserts that he was arrested in January 2004 and indicted in March 2004. Carter states that he did not "go before the court for a judicial determination on the matter" until October 4, 2006. As a result, Carter argues that he was denied his right to a speedy trial. Carter claims that the record fails to disclose that he knowingly or intelligently waived his right to a speedy trial.

¶13.    "It is well established that where a defendant voluntarily pleads guilty to an offense, he waives nonjurisdictional rights incident to trial, including the constitutional right to a speedy trial." *Kyles v. State*, 185 So. 3d 408, 411 (¶5) (Miss. Ct. App. 2016) (citing

6

*Anderson v. State*, 577 So. 2d 390, 391-92 (Miss. 1991)). In its order dismissing Carter's PCR motion, the trial court addressed the merits of Carter's speedy-trial claim. The trial court also recognized that a valid guilty plea operates as a waiver of the right to a speedy trial and explained that "the record reflects that the majority of the delay was due to Carter firing his counsel and needing time to hire new counsel, and his desire for a mental evaluation."

¶14. The record before us indeed reflects that at a pretrial motion hearing on May 6, 2005, Carter asked the trial court to order a mental evaluation. The trial court granted the request and stated on the record: "I want Mr. Carter to understand that this is his request for a mental evaluation. Therefore . . . any speedy trial claims are tolled as a result of his request for a continuance to get a mental evaluation."

¶15. Our supreme court has held that "a delay caused by the withdrawal of the defendant's attorney which entails allowing the new attorney a reasonable time to become familiar with the case and prepare for trial cannot be weighed against the State because it is beyond the State's control." *Sharp v. State*, 786 So. 2d 372, 379 (¶9) (Miss. 2001). Additionally, attempts by the State to enter into plea negotiations do not cause delays which violate the defendant's right to a speedy trial. *McCormick v. State*, 183 So. 3d 898, 902 (¶¶14-15) (Miss. Ct. App. 2015).

¶16. This issue lacks merit.

### *Defective Indictment*

¶17. Finally, Carter argues that his indictment was defective for failing to allege the essential elements of the crime for which he was charged. As a result, Carter submits that

7

the indictment failed to provide him proper notice of the charges against him; namely, that the alleged offense was against the will of the victim, and thus violated his constitutional rights.

¶18. A valid guilty plea "waive[s] all non-jurisdictional defects in the indictment." *Kennedy v. State*, 118 So. 3d 684, 686 (¶10) (Miss. Ct. App. 2013). However, we acknowledge that "[a] guilty plea does not waive the defendant's right to assert that the indictment fails to charge an essential element of the crime[.]" *Garrett*, 110 So. 3d at 793 (¶9). "[A]n indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." *Williams v. State*, 169 So. 3d 932, 935 (¶9) (Miss. Ct. App. 2014) (quoting URCCC 7.06). We recognize that "[t]he primary purpose of an indictment is to give a defendant fair notice of the crime charged." *Id*. Furthermore, "[a]n indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense." *Id*. (quoting *Gilmer v. State*, 955 So. 2d 829, 836-37 (¶24) (Miss. 2007)).

¶19. In its order dismissing Carter's PCR motion, the trial court explained that lack of consent is not an element of section 97-3-95(1)(d), the charge listed in Carter's indictment. Indeed, section 97-3-95(1)(d) sets forth that: "(1) A person is guilty of sexual battery if he or she engages in sexual penetration with: . . . (d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child."

8

¶20. Our review of the statute reflects that the victim's lack of consent is not an essential element of the charged crime. The record shows that Carter's indictment identified the statute violated and charged him with "wilfully, unlawfully[,] and feloniously[] engag[ing] in sexual penetration with . . . a child under fourteen years of age; and [Carter], being at that time a person twenty-four or more months older than [the victim], by placing his penis in the mouth of [the victim]."[2] The charged offense in the indictment herein tracks the language set forth in section 97-3-95(1)(d).

¶21. We thus find that since the element of consent is not an essential element of the charged crime of sexual battery of a child under the age of fourteen years old, Carter's indictment properly and sufficiently informed him of the charge against him. *See also Palmer v. State*, 140 So. 3d 448, 452 (¶6) (Miss. Ct. App. 2014) (finding that "an indictment that alleges sexual battery under section 97-3-95(1)(c) is not required to claim that the sexual penetration occurred without the victim's consent."). Accordingly, we find no error in the trial court's dismissal of Carter's PCR motion. *See Garrett*, 110 So. 3d at 793 (¶12).

¶22. **THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**

---

[2] Miss. Code Ann. § 97-3-95(1)(d).