## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2020-CP-00686-COA

LORANZY JENKINS                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                                APPELLEE

DATE OF JUDGMENT:                06/11/2020
TRIAL JUDGE:                     HON. DEWEY KEY ARTHUR
COURT FROM WHICH APPEALED:       RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          LORANZY JENKINS (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: BRITTNEY S. EAKINS
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 08/17/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., McDONALD AND McCARTY, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.    Loranzy Jenkins, appearing pro se, appeals the Rankin County Circuit Court's dismissal of his motion for post-conviction relief (PCR). The circuit court ruled his motion was successive. Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.    On May 5, 2015, Jenkins was indicted and later pleaded guilty to two counts of gratification of lust (fondling a child) under Mississippi Code Annotated section 97-5-23(1) (Rev. 2014). The circuit court sentenced him to fifteen years for each count in the custody of the Mississippi Department of Corrections, suspended nine years from each count, and imposed five years of post-release supervision, with the sentences set to run consecutively.

*See Jenkins v. State*, 283 So. 3d 217, 219 (¶2) (Miss. Ct. App. 2019) (*Jenkins I*).

¶3.     On December 4, 2017, Jenkins filed his first PCR motion, arguing his indictment was fatally defective because it did not include the word "feloniously" for either count or the phrase "against the peace and dignity of the State of Mississippi." *Id.* at (¶3). He claimed these defects resulted in "an illegal sentence, plain error, and the denial of due process during his prosecution and sentencing." *Id.* The circuit court denied his PCR motion, finding his arguments were without merit. *Id.* at (¶4). Jenkins appealed, and this Court affirmed the denial. *Id.* at (¶1).

¶4.     On June 2, 2020, Jenkins filed a second PCR motion, again arguing his indictment was defective because it did not include the word "feloniously" and also because it omitted the phrase "with or without consent."[1] The circuit court dismissed Jenkins's motion as successive, and he appealed.

## STANDARD OF REVIEW

¶5.     This Court reviews a circuit court's denial or dismissal of a PCR motion for an abuse of discretion and "will not disturb the trial court's factual findings unless they are clearly erroneous." *Purvis v. State*, 240 So. 3d 468, 470 (¶7) (Miss. Ct. App. 2017). Whether an indictment is fatally defective is a question of law that is reviewed de novo. *Bryant v. State*, 238 So. 3d 1213, 1216 (¶7) (Miss. Ct. App. 2018).

## ANALYSIS

---

[1] Jenkins raised this argument for the first time in his appellate reply brief regarding his first PCR motion. This Court found the argument was procedurally barred. *Id.* at 221 (¶14).

¶6. Jenkins argues that his indictment was fatally defective for omitting the term "feloniously" from the charge of gratification of lust, as well as omitted the phrase "with or without consent." Jenkins claims these omissions are essential elements of the charge and therefore affect a fundamental right and may not be waived.

¶7. We disagree. Jenkins provides no valid reason why his motion should survive the procedural bars. Notwithstanding the procedural bars, Jenkins's arguments alleging his indictment was defective are without merit.

## I. Procedural Bars

¶8. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides that any order denying or dismissing a PCR motion bars a second or successive motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). The movant "bears the burden of proving by a preponderance of the evidence that his claims are not barred as successive writs." *Williams v. State*, 110 So. 3d 840, 843 (¶13) (Miss. Ct. App. 2013). Jenkins filed his first PCR motion in December 2017, which the trial court denied in March 2018. After this Court affirmed the PCR motion's denial in April 2019, Jenkins filed his second PCR motion in June 2020, which the trial court correctly found to be successive and dismissed it.

¶9. Jenkins tries to elude the procedural bar by arguing that the omissions in his indictment of the words "feloniously" and "with or without consent" are essential elements of the charged crime (gratification of lust) and therefore cannot be waived. Further, he argues the omissions constitute plain error impacting his fundamental rights to notice and due process.

¶10. Jenkins is correct that a valid guilty plea will "not waive the defendant's right to assert that the indictment fails to charge an essential element of the crime." *Carter v. State*, 204 So. 3d 791, 795 (¶18) (Miss. Ct. App. 2016) (quoting *Garrett v. State*, 110 So. 3d 790, 793 (¶9) (Miss. Ct. App. 2012)). However, as will be discussed in the next issue, the so-called omissions are not essential elements of the crime of gratification of lust.

¶11. Further, "[e]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). "But mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *White v. State*, 59 So. 3d 633, 636 (¶11) (Miss. Ct. App. 2011). In Mississippi to date, the rights expressly found to be "fundamental" and excepted from the procedural bar are prohibitions against double jeopardy, an illegal sentence, denial of due process at sentencing, and ex-post-facto claims. *Salter v. State*, 184 So. 3d 944, 950 (¶22) (Miss. Ct. App. 2015). This Court has also recognized that "the due-process right not to stand trial or be convicted while incompetent is a fundamental right not subject to the procedural bars . . . ." *Brown v. State*, 198 So. 3d 325, 330 (¶9) (Miss. Ct. App. 2015) (citing *Smith v. State*, 149 So. 3d 1027, 1031 (¶8) (Miss. 2014), *overruled on other grounds by Pitchford v. State*, 240 So. 3d 1061, 1070 (¶49) (Miss. 2017)). In addition, a claim of ineffective assistance of counsel may be excepted from the statute of limitation and successive-motion bar in exceptional or extraordinary circumstances. *McDonald v. State*, 307 So. 3d 497, 500 (¶7) (Miss. Ct. App. 2020) (citing *Conley v. State*, No. 2011-M-01006, 2020 WL 949240, at *1 (Miss. Feb. 26, 2020) (order)); *Chapman v. State*, 167 So. 3d 1170,

1174 (¶12) (Miss. 2015). A defective-indictment claim is not included in any recognized exceptions to the procedural bars; therefore, Jenkins's argument fails. Nevertheless, we shall address the merit of his arguments.

## II.     Indictment

¶12.     "[A]n indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." *Williams v. State*, 169 So. 3d 932, 935 (¶9) (Miss. Ct. App. 2014) (quoting URCCC 7.06). "An indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense." *Id.* (quoting *Gilmer v. State*, 955 So. 2d 829, 836-37 (¶24) (Miss. 2007)). "[W]here an indictment tracks the language of the statute, the indictment sufficiently puts the defendant on notice of the charges against him in order to prepare his defense." *Hicks v. State*, 40 So. 3d 640, 642 (¶9) (Miss. Ct. App. 2010) (quoting *Miller v. State*, 18 So. 3d 898, 908 (¶43) (Miss. Ct. App. 2009)).

¶13.     The term "feloniously" is not included in the statute and thus not an essential element of the crime. Section 97-5-23(1) provides:

> Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, or with any object, any child under the age of sixteen (16) years, with or without the child's consent . . . *shall be guilty of a felony . . . .*

5

(Emphasis added). "Feloniously" is not an element of the offense; the offense results in a "felony." Jenkins's indictment tracks the language of the statute:

> [F]or the purpose of gratifying his lust or indulging his depraved licentious sexual desires, did willfully, unlawfully, and intentionally handle, touch or rub with his hands or any part of his body, the body of S.P., a minor female child under the age of sixteen (16) years . . . all within the jurisdiction of this court, in violation of Mississippi Code Annotated Section 97-5-23(1) . . . .

As this Court stated in *Jenkins I*, "[i]ndictments that track the language of the Mississippi Code are sufficient to provide notice of the crime charged." *Pitts v. State*, 249 So. 3d 472, 475 (¶8) (Miss. Ct. App. 2018). Moreover, "there is no crime of misdemeanor gratification of lust that would require differentiation through the use of the word 'feloniously.'" *Jenkins I*, 283 So. 3d at 221 (¶10).

¶14. Jenkins's argument that the indictment is defective due to the omission of the words "with or without consent" fails as well. While this phrase is found within the statute, consent is not an essential element to this particular crime because conduct both with consent and without consent is prohibited. Unlike sexual crimes against adults, where lack of consent is an essential element, children are legally incapable of consenting to sexual relations. *See* Lisa S. Nored, *Child Advocacy in Mississippi* § 8.13 (updated July 2021) ("[B]ecause the child is under the legal age of consent for purposes of sexual conduct, the consent of the child is irrelevant."). Therefore, Jenkins's arguments are without merit, and his indictment was not defective.

## CONCLUSION

¶15. Jenkins offers no valid reason why his PCR motion is not procedurally barred, and

we find none. Further, his indictment was not defective, and it contained the essential elements of gratification of lust, placing him on notice of the charge. Accordingly, the trial court properly dismissed Jenkins's PCR motion.

¶16. **AFFIRMED.**

**CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**